IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00608-PSF-MEH

MARICELA CARBAJAL,

    Plaintiff,

v.

AMERICAN FAMILY LIFE INSURANCE COMPANY,

    Defendant.

## ORDER ON MOTION TO DISQUALIFY

This matter is before the Court on Defendant's Motion to Disqualify Plaintiff's Counsel (Dkt. # 32), filed September 12, 2006. Defendant American Family Life Insurance Company ("American Family") seeks to disqualify both counsel of record for Plaintiff Maricela Carbajal, David A. Olivas of Silverman & Olivas, P.C. and Gregory A. Gold of Kiel, Trueax & Gold, P.C. from their continued representation of Ms. Carbajal on the basis of a brief social relationship between Mr. Olivas and a paralegal for American Family's counsel.

A motion to disqualify an attorney rests with the sound discretion of the trial court. *English Feedlot, Inc. v. Norden Laboratories, Inc.*, 833 F. Supp. 1498, 1506 (D. Colo. 1993). The burden rests with the moving party to show sufficient grounds for disqualification. *Id.* A court in reviewing a motion to disqualify "must consider whether the motion was filed to gain a tactical advantage in the litigation. Motions to disqualify often pose the very threat to the integrity of the judicial process that they purport to

prevent." *Sequa Corp. v. Lititech, Inc.*, 807 F. Supp. 653, 659 (D. Colo. 1991) (internal citations and quotation marks omitted).

Under controlling Tenth Circuit precedent, a district court looks to two sources in deciding whether to disqualify an attorney. "First, attorneys are bound by the local rules of the court in which they appear. Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law." *United States v. Stiger*, 413 F.3d 1185, 1195 (10th Cir.), *cert. denied*, 126 S. Ct. 775 (2005) (internal quotation marks and ellipsis omitted). The District of Colorado has adopted nearly all of the Colorado Rules of Professional Conduct as professional responsibility standards for this Court. D.C.COLO.LCivR 83.4. However, a violation of a disciplinary rule does not automatically result in disqualification; rather a court must determine whether the litigation can be conducted with fairness to all parties or whether the misconduct taints the trial or legal system in some way. *FDIC v. Isham*, 782 F. Supp. 524, 528 (D. Colo. 1992).

Defendant asserts that Mr. Olivas appeared to have violated Colorado Rule of Professional Conduct 4.2. *See* Def.'s Mot., ¶¶ 6, 13. Rule 4.2 provides that "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by a another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." Mr. Olivas has not had any contact with a represented party, only with someone who was at the time a paralegal employed by defendant's law firm. Such

2

contact is thus not a violation of Rule 4.2.  Further, defendant makes no showing nor even asserts that Mr. Gold violated any professional conduct rule, merely contending that Mr. Gold "should have taken steps to undo the taint" that the social relationship (the "improper appearance") between the paralegal and Mr. Olivas "placed upon his client's case."  Def.'s Mot., ¶ 14.

Defendant in its reply brief suggests that Mr. Olivas violated Colorado Rule of Professional Conduct 1.8(i), which states that "[a] lawyer related to another lawyer as parent, child, sibling, or spouse or as one who has a cohabiting relationship shall not represent a client in a representation directly adverse to a person who the lawyer knows is represented by the other lawyer except upon consent by the client."  Here, even assuming that Ms. Sundberg could be considered derivatively as "another lawyer," the brief social relationship cannot be characterized from this record as rising to the level of "a cohabiting relationship."  Although defendant may be correct in contending that Rule 1.8(i) "should have guided Olivas in his social relation with Sundberg," Def.'s Reply at 6, defendant has not demonstrated the violation of a disciplinary rule or other basis for disqualification.  Defendant cites to no case law that mandates disqualification in these circumstances.

Indeed, defendant's counsel may arguably be subject to disqualification under their reasoning based on their own admonition that counsel "should have taken steps to undo the taint" from the alleged misbehavior as it was a paralegal from their firm and under their charge.  Def.'s Mot., ¶ 14; *see also* Formal Ethics Opinion 61, Ethics Committee of the Colorado Bar Association ("[I]n order to assure compliance with the

Code of Professional Responsibility, . . . [a] lawyer shall educate and train assistants with respect to the ethical standards which apply to the lawyer. . . . A lawyer is responsible for monitoring and supervising the conduct of assistants to prevent the violation of the ethical standards which apply to the lawyer . . . .").

Regardless, the Court finds that the litigation can be conducted with fairness to all parties without disqualifying plaintiff's counsel, and that the limited social relationship and the ambiguous inquiry by Mr. Olivas to the paralegal within it does not taint the potential trial or the legal system. *See World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc.*, 866 F. Supp. 1297, 1303 (D. Colo. 1994). Although Mr. Olivas is correct (albeit perhaps understated) in recognizing that "socializing with his adversary's paralegal during litigation was not the wisest course," Pl.'s and Olivas' Resp. at 1, defendant has not met his burden to show that this conduct justifies disqualification. Both the paralegal and Mr. Olivas swear under oath that neither side disclosed any information to the other regarding this case. *See* Sundberg Aff., ¶ 9; Olivas Aff., ¶¶ 9-10. The relationship ended after two or three meetings, and the paralegal no longer works for defendant's law firm. *See* Sundberg Aff., ¶¶ 3, 6-8; Olivas Aff., ¶¶ 7-8.

Further, the Court recognizes Ms. Carbajal's right to representation by the counsel of her choice. *See Smith v. Whatcott*, 774 F.2d 1032, 1035 (10th Cir. 1985) (in denying motion to disqualify, finding insufficient grounds "to warrant denial of [parties'] right to employ counsel of their choice"); *see also Richardson-Merrill, Inc. v. Koller*, 472 U.S. 424, 441 (1985) (Brennan, J., concurring) ("A fundamental premise of the

adversary system is that individuals have the right to retain the attorney of their choice to represent their interests in judicial proceedings."). Disqualification of her counsel, which severely impinges on this right, is not appropriate here where defendant has not even shown a violation of a disciplinary rule.

Even applying an "appearance of impropriety" test to Mr. Olivas' conduct, which defendant's counsel argues should be applied here notwithstanding its elimination as Colorado's legal ethics standard in 1993 based on subsequent Colorado Court of Appeals decisions, this Court declines to disqualify counsel based on that standard. While an "appearance of impropriety" arguably occurred, it was neither significant nor prejudicial so as to warrant the loss by a client of counsel of her choice, especially where no attorney-client communication or attorney work product was disclosed.

For the foregoing reasons, Defendant's Motion to Disqualify Plaintiff's Counsel (Dkt. # 32) is DENIED. The Court, however, does not find that the motion was filed solely to gain a tactical advantage in the litigation.

DATED: October 18, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge