IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No.  06-cv-00608-PSF-MEH

MARICELA CARBAJAL,

    Plaintiff,

v.

AMERICAN FAMILY LIFE INSURANCE COMPANY,

    Defendant.

## ORDER ON PENDING MOTIONS

This matter is before the Court on Plaintiff Maricela Carbajal's Motion for Partial Summary Judgment (Dkt. # 47), filed on November 9, 2006, and plaintiff's Motion for Default Judgment and Other Appropriate Sanctions (Dkt. # 60), filed on December 14, 2006.  The claims in the underlying action arise from the alleged death of Miguel Carbajal, plaintiff's husband, and defendant's denial of plaintiff's subsequent claims for life insurance benefits.  The central point of contention between the parties is whether plaintiff has presented sufficient proof of Mr. Carbajal's death to recover such benefits.  Plaintiff asserts the undisputed facts show that Mr. Carbajal is dead and that summary judgment is warranted on plaintiff's contractual claim that she is entitled to an award of benefits under the policy.  Pl.'s S.J. Mot. at 5–6.

### I.     BACKGROUND

Before plaintiff's motion for partial summary judgment was filed, defendant filed a motion (Dkt. # 43) requesting in pertinent part the appointment of a special discovery

master to assist in the exhumation and identification of Mr. Carbajal's body.  The Magistrate Judge granted that motion on November 22, 2006 (Dkt. # 50) and on January 30, 2007 granted a joint motion by the parties to authorize Lic. Manuel Garza Lopez, an attorney in Mexico, to assist and act for and on behalf of the special master with the appropriate Mexican authorities (Dkt. # 84).  It has come to the Court's attention, based on a motion filed by defendant in this case to reallocate the costs associated with the special master (Dkt. # 117) as well as a status report filed in a related case, *Carbajal v. Lincoln Benefit Life Insurance Co.*, Civil Action No. 06-cv-00884-EWN-KLM (Dkt. # 130), that the exhumation occurred on August 24, 2007 and that neither a body nor a coffin was contained within the gravesite.

## II.     MOTION FOR PARTIAL SUMMARY JUDGMENT

### A.     Standard of Review

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When applying this standard, the Court reviews the pleadings and the documentary evidence in the light most favorable to the nonmoving party.  *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988).

### B.     Analysis

Plaintiff claims she is entitled to summary judgment on her claim for breach of insurance contract.  Again, the key dispute between the parties over plaintiff's entitlement to life insurance benefits is whether Mr. Carbajal is in fact deceased.  Based

on the results of the exhumation, which revealed that no coffin and no body were contained within Mr. Carbajal's gravesite, the Court holds there is clearly a genuine issue of material fact as to whether Mr. Carbajal is deceased. Accordingly, plaintiff's motion for partial summary judgment on her breach of contract claim is denied.

## III.   MOTION FOR DEFAULT JUDGMENT AND OTHER SANCTIONS

Plaintiff apparently requests a default judgment as a discovery sanction based in part on the delay in exhuming Mr. Carbajal's body. However, there is no indication in the record that defendant hindered the exhumation process or that either party failed to cooperate with the special master once he was appointed. The remainder of plaintiff's motion focuses more on the merits of her claim for bad faith breach of insurance contract than on the propriety of entering a default judgment as a sanction against defendant, and the Court holds plaintiff has failed to demonstrate that such a default judgment is warranted.

Plaintiff also requests that defendant be required to produce certain individuals for deposition as a sanction for their behavior under F.R.Civ.P. 37. Based on status reports filed by the parties on October 23, 2007 (Dkt. ## 121, 122), it appears that the parties are cooperating with respect to further discovery in this case, including plaintiff's conducting additional depositions, and that no discovery order by the Court is warranted at this time. Accordingly, plaintiff's request is denied as moot. Plaintiff's request for attorney's fees and costs is also denied.

## IV.     CONCLUSION

For the foregoing reasons, plaintiff's Motion for Partial Summary Judgment (Dkt. # 47) and Motion for Default Judgment and Other Appropriate Sanctions (Dkt. # 60) are DENIED.

DATED:  October 25, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge