IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00608-PSF-MEH

MARICELA CARBAJAL,

    Plaintiff,

v.

AMERICAN FAMILY LIFE INSURANCE COMPANY,

    Defendant.

## ORDER ON DEFENDANT'S MOTION FOR REALLOCATION OF SPECIAL MASTER COSTS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Motion for Reallocation of Special Master Costs ("Motion") [doc #117]. The Motion has been referred to me for disposition [doc #118]. Oral argument would not materially assist the Court in adjudicating the Motion.

This lawsuit involves a claim to life insurance proceeds. Plaintiff alleges that the insured, Miguel Carbajal, died in Octolán, Mexico on July 15, 2003. Mr. Carbajal had six life insurance policies from six different providers totaling in excess of $2.5 million in potential benefits. His alleged death, and his widow's attempt to recover on the policies, resulted in at least five federal lawsuits in this District. The dispute centers around the life insurance companies' assertion that Mr. Carbajal's death has not been established.

In order to get to the truth of the matter, on November 22, 2006, the Court appointed Stanley Pimentel as a Special Master for the purpose of exhuming the body of Mr. Carbajal, whose alleged burial location was well established. Knowing that such an endeavor in a foreign country would be difficult, time-consuming and would require specialized knowledge and aptitude, the Court appointed

Mr. Pimentel, a former high-ranking official with the Federal Bureau of Investigation (FBI) who had spent years in Mexico City as the FBI's legal attaché. In a very timely and professional manner, after an arduous and politically sensitive undertaking, Mr. Pimentel accomplished the exhumation in August 2007, which the parties attended. His report demonstrates that neither a body nor a casket were uncovered at the known burial location.

In my order appointing Mr. Pimentel, I directed that the Defendant front the cost of the Special Master as an interim allocation and provided that the Court would entertain "a motion for re-allocation of costs after this process [the exhumation] is completed." Defendant now asks that Plaintiff pay 25% of the cost of the exhumation,[1] with Defendant and two other insurance companies each paying 25%. Plaintiff's principal objection is that the exhumation was part of the insurance companies' investigative responsibilities, for which no court has ever required an insured to pay. The Court disagrees with this premise.

The record in this case shows extensive investigation by the insurance companies (indeed, investigative efforts that the Plaintiff claims were too aggressive, and which form the basis for bad faith and other claims for damages in the pending federal lawsuits). Plaintiff provides no statute or case law finding that exhumation of the deceased is a necessary, or even appropriate, element of a life insurance companies' duty to investigate. This was an extraordinary circumstance necessitated by this very unique set of facts.

While it is true that Plaintiff was, at best, lukewarm to the idea of conducting an exhumation (based primarily on the length of time it was expected to take), I believe it was essential to the fact-finding function of a federal district court. The exhumation process benefitted both sides and, based

---

[1] The total cost was $68,556.75, to which neither party objects. Plaintiff's proposed share would be $17,139.18.

on the Court's observation of the proceeding from a distance, likely resulted in substantial additional, collateral fact discovery beyond the mere discovery of the absence of a body. Indeed, after the exhumation, the parties appeared before the Court with a specific plan for additional discovery based on facts learned during the exhumation process, a plan that the Court approved.

There is substantial precedent for dividing the cost of a Special Master between the parties. *See, e.g.*, *Saum v. Widnall*, 959 F. Supp. 1310 (D. Colo. 1997). The Court believes such an order here is both equitable and just, particularly based on Plaintiff's ability to pay. For these reasons, the Defendant's Motion for Reallocation of Special Master Costs ("Motion") [filed October 11, 2007; doc #117] is **granted**.

Dated this 9th day of November, 2007, in Denver, Colorado.

BY THE COURT:

/s Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge